## WIGGINS VS. FISHER.

In a suit by an assignee of a bond, it is sufficient, in stating the cause of action, to negative the payment to the assignor before the transfer of the bond, without negativing the payment to him in the concluding breach of the declaration.

Where the bond, as described in the declaration and as given on oyer, is for the same amount—though by an endorsement on the bond, it appears that the amount actually due is less than the face of the bond—there is no variance.

*Appeal from Ashley Circuit Court.*

Hon. JOHN C. MURRAY, Circuit Judge.

GARLAND & RANDOLPH, for the appellant.

33

There is no such denial of payment to Kirkpatrick as the law requires. The negative is limited to the plaintiff, and it is evident that the breach is insufficient. 13 *Ark.* 326; 1 *Ch. Pl.* 278, 291, 392.

The bond granted on oyer is entirely different from the one set out in the declaration—shows a different cause of action. The variance, therefore, is fatal. 1 *Ch. Pl.* 338, *et seq.*

Winter, for the appellee.

. The non-payment of the bond sued on to the assignor, before it was transferred to the defendant, being sufficiently averred in the body of the declaration, the fact need not be again negatived in the breach. 1 *Ch. Pl.* 320; 2 *Ib.* 124.

Mr. Justice Compton delivered the opinion of the court.

The action in this case was brought by Fisher, as internal improvement commissioner, against Wiggins and others, on a penal bond, conditioned for the payment of seven hundred dollars, payable to Kirkpatrick, who was the plaintiff's predecessor in office.

In the Circuit Court a demurrer to the declaration was overruled, and the defendants saying nothing further, final judgment was rendered against them.

The first cause of demurrer assigned is, that the breach in the declaration is too narrow, inasmuch as it does not negative the payment of the money to Kirkpatrick. It is true that the declaration concludes with a breach negativing the payment of the money to the plaintiff only, but then in that part of the declaration which contains a statement of the cause of action, the payment of the money to Kirkpatrick, before he transferred the bond to plaintiff as his successor in office, is expressly and distinctly negatived. This, according to the most approved precedents, was sufficient.

The second and only remaining cause of demurrer assigned, is an alleged variance.

The bond, as described in the declaration, is conditioned for

the payment of seven hundred dollars, and as read on oyer, is conditioned for the payment of the same amount, with a credit endorsed thereon, as follows:

" Received on the within note one hundred dollars, there not being but six hundred dollars in my hands to loan. January, 1st, 1856.　　　　　　　J. W. M. KIRKPATRICK."

Although this endorsement would be evidence in ascertaining the amount recoverable on the bond, yet in legal contemplation it was no part of the bond, and the pleader properly disregarded it as such.

Let the judgment be affirmed with ten per cent. damages and costs.